IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kelvin Michael Bowen, Jr., | ) |
| | ) C.A. No. 1:18-0620-HMH-SVH |
| Petitioner, | ) |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| Randall Williams, Warden, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Kelvin Michael Bowen, Jr. ("Bowen"), a state prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Hodges recommends granting the Respondent's motion for summary judgment and dismissing Bowen's petition with prejudice.

I. FACTUAL AND PROCEDURAL BACKGROUND

Bowen is currently incarcerated at Lieber Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. In July 2009, Bowen was indicted in South

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Carolina state court for murder, first degree burglary, conspiracy, and possession of a weapon during a violent crime. (Mem. Supp. Mot. Summ. J. Attach. 3 (App. 855-57), ECF No. 26-5.) After a jury trial, Bowen was convicted on all counts on February 4, 2011. (Id. Attach. 3 (App. 839-40), ECF No. 26-5.) Bowen was sentenced to 99 years' imprisonment for murder, 30 years' imprisonment for burglary, five years' imprisonment for conspiracy, and five years' imprisonment for possession of a weapon during a violent crime, all terms to run consecutively. (Id. Attach. 3 (App. 853), ECF No. 26-5.)

Bowen appealed his conviction and argued that his "federal and state constitutional rights to due process of law were violated by the admission of a witness's identification of [Bowen] where the out-of-court identification process was unnecessarily suggestive and conducive to irreparable mistaken identification." (Id. Attach. 1 (Br. Appellant 1-20), ECF No. 26-1.) The South Carolina Court of Appeals affirmed Bowen's conviction on December 11, 2013. (Id. Attach. 1 (Dec. 11, 2013 Order 23-24), ECF No. 26-1.) On March 4, 2014, Bowen filed an application for post-conviction relief ("PCR"), which was subsequently amended three times, and raised numerous claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. (Mem. Supp. Mot. Summ. J. Attach. 3 (App. 862-869), ECF No. 26-6.) An evidentiary hearing was held on July 13, 2015. (Id. Attach. 3 (App. 888), ECF No. 26-6.) On September 16, 2015, the PCR court dismissed Bowen's PCR application. (Id. Attach. 3 (App. 984-1007), ECF Nos. 26-6 & 26-7.)

Bowen appealed the PCR court's decision, and filed a petition for writ of certiorari with the South Carolina Supreme Court on June 23, 2016, raising the following grounds:

> 1. Did the PCR judge err in refusing to find that appellate counsel was ineffective for failing to raise the issue of whether the trial judge abused his discretion in admitting State's Exhibit #82, a composition notebook, attributed to co-defendant Ronald Mack, containing irrelevant and prejudicial gang language?
>
> 2. Did the PCR judge err in stating that he would not speculate as to the contents of the notebook, State's Exhibit #82, because Petitioner did not introduce the notebook at the PCR hearing when the notebook was admitted in evidence at trial and discussed at length prior to admission?

(Id. Attach. 5 (Pet. Writ of Cert.), ECF No. 26-9.) The South Carolina Supreme Court transferred the petition to the South Carolina Court of Appeals, and on June 29, 2017, the Court of Appeals denied the petition. (Id. Attach. 8 (June 29, 2017 Order), ECF No. 26-11.)

Bowen filed the instant § 2254 petition for writ of habeas corpus on March 2, 2018,[2] alleging the following six grounds for relief:

> **Ground One**: P.C.R. judge erred in refusing to find that appellate counsel was ineffective on direct appeal Ms. Susan Hackett [sic], for failing to raise and brief the issue the trial judge abused his discretion in admitting, over Petitioner's objection, states [sic] exhibit #82, a composition notebook attributed to co-defendant Ronald Mack containing irrelevant and prejudicial gang language.
>
> **Ground Two**: The P.C.R. Judge erred in stating that he would not speculate as to the contents of the notebook, state's exhibit #82, because Petitioner did not introduce the notebook at the P.C.R. hearing when the notebook was clearly entered in evidence at trial and discussed at length prior to admission.
>
> **Ground Three**: Petitioner's federal and state constitutional rights to due process of Law were violated by the admission of a witness's identification of Petitioner where the out-of-court identification process was unnecessarily suggestive and conducive to irreparable mistaken identification. Preliminary Transcripts Attached.
>
> **Ground Four**: Appellate Counsel Ms. Susan Hackett was ineffective for not briefing and raising the fact that over Petitioner objection, the state used state's

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988).

witness Ms. Debra Collins to play a recorded statement of Mr. Ronald Mack taken on May 28, 2009, after Mr. Mack already testified two witness' before admitting that he made the statement. Preliminary Transcripts Enclosed. Along with Investigator Harrell report Mack gave another statement, stating Petitioner was not involved.

**Ground Five**: Ineffective Assistance of Appellate counsel on Direct Appeal For Failing [sic] to brief the issue that the trial court erred in allowing the jury to hear co-defendant Ronald Mack May 28, 2009 statement after the Jury was excused for deliberation.

**Ground Six**: Ineffective Assistance of Appellate counsel for failing to raise and brief that the state committed a brady [sic] violation regarding Applicant missing Samsung cell phone.

(§ 2254 Pet., ECF No. 1) (errors in original.) Grounds one, three, four, five, and six were all raised during Bowen's initial PCR proceeding. (Mem. Supp. Mot. Summ. J. Attach. 3 (App. 984-1007), ECF Nos. 26-6 & 26-7.) Grounds one and two were raised during Bowen's PCR appeal. (Id. Attach. 5 (Pet. Writ of Cert.), ECF No. 26-9.)

On July 30, 2018, Respondent filed a motion for summary judgment. (Mot. Summ. J., ECF No. 27.) After receiving an extension, Bowen filed a response on October 16, 2018. (Resp. Opp'n Mot. Summ. J., ECF No. 35.) On November 26, 2018, Magistrate Judge Hodges issued a Report and Recommendation. (R&R, ECF No. 36.) Bowen filed timely objections to the Report and Recommendation on December 11, 2018.[3] (Objs., ECF No. 40.) This matter is now ripe for review.

---

[3] Id.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## C. Report and Recommendation

In her Report and Recommendation, Magistrate Judge Hodges recommends granting Respondent's motion for summary judgment and dismissing Bowen's claims with prejudice. First, the magistrate judge concludes that Bowen is procedurally barred from raising grounds four, five, and six because those issues were not raised in Bowen's PCR appeal and Bowen cannot demonstrate cause and prejudice or a fundamental miscarriage of justice in order to excuse the procedural default. (R&R 21-24, ECF No. 36.) The magistrate judge addresses grounds one, two, and three on the merits. For grounds one and three, the magistrate judge concludes that the PCR court's decisions regarding the admissibility of the composition notebook and the out-of-court identification procedure were reasonable. (Id. 24-26, 31-32, ECF No. 36.) For ground two, the magistrate judge concludes that any alleged errors by the PCR judge in the PCR proceeding are not cognizable on federal habeas review. (Id. 27, ECF No. 36.)

## D. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, many of Bowen's objections are nonspecific, unrelated to the dispositive portions of the Report, or merely restate his claims. Bowen's objections largely repeat

verbatim his arguments presented in his response in opposition to Respondent's motion for summary judgment. (See Resp. Opp'n Mot. Summ. J., generally, ECF No. 35.) However, the court was able to glean one specific objection. Bowen objects that, irrespective of the fact that grounds four, five, and six are procedurally barred, the court should address the merits of grounds four, five, and six because he has shown cause and prejudice as a result of his PCR appellate counsel's ineffective assistance of counsel. (Objs. 2-3, 5, ECF No. 40.)

Procedural default may be excused only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "An attorney error does not qualify as 'cause' to excuse a procedural default unless the error amounted to constitutionally ineffective assistance of counsel." Davila v. Davis, 137 S. Ct. 2058, 2062 (2017). Constitutionally ineffective assistance of counsel occurs in proceedings in which a criminal defendant has the constitutional right to counsel. Id. at 2065. A prisoner does not have a constitutional right to counsel in state postconviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that the constitutional right to appointed counsel extends only to a prisoner's first appeal of right and does not apply to postconviction collateral proceedings).

In Coleman, the United States Supreme Court held that because "a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review," any attorney error that causes the default of a defendant's claims during appeal of a state court's collateral determination, "cannot constitute cause to excuse the default in federal habeas." 501 U.S. at 756-57. The Supreme Court has recognized one narrow exception to the

rule in Coleman: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," when the prisoner's first opportunity to raise a claim of ineffective assistance of trial counsel is during the state's collateral review proceedings. Martinez v. Ryan, 566 U.S. 1, 9, 17 (2012). See also Davila, 137 S. Ct. at 2064-65 (declining to extend the Martinez exception to apply to defaulted claims of ineffective assistance of appellate counsel attributable to state postconviction counsel and reaffirming Coleman's holding that "attorney error committed in the course of state postconviction proceedings–for which the Constitution does not guarantee a right to counsel . . .–cannot supply cause to excuse a procedural default that occurs in those proceedings").

Bowen alleges that the court should address grounds four, five, and six on the merits because he received ineffective assistance of counsel during his PCR appeal, which constitutes cause for the procedural default. (Objs. 2-3, 5, ECF No. 40.) However, ineffective assistance of appellate counsel during appeal of a state collateral proceeding cannot serve as cause to excuse procedural default. See Coleman, 501 U.S. at 756-57; Davila, 137 S. Ct. at 2064-65. Additionally, the Martinez exception does not apply because Bowen (1) is not raising the issue of ineffective assistance of trial counsel and (2) is not arguing the procedural default was caused by ineffective assistance of counsel during his initial PCR proceeding. See Martinez, 566 U.S. at 9. Further, Bowen has not presented facts to demonstrate actual prejudice or a fundamental miscarriage of justice. Accordingly, Bowen's objection is without merit.

Moreover, "[e]ffective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit[.]" Lawrence v. Baker, 517 F.3d 700, 709 (4th Cir.

2008) ("[W]e must accord counsel the presumption that he decided which issues were most likely to afford relief on appeal . . . . Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." (internal citations and quotation marks omitted)). Thus, even if ineffective assistance of appellate counsel during a PCR appeal could constitute cause, it does not appear that the issues not raised by Bowen's PCR appeal attorney were "clearly stronger" than the grounds that were raised in order for Bowen to demonstrate ineffective assistance of appellate counsel. Further, upon review of the PCR court's analysis of the instant grounds four, five, and six, the court finds no error. (See Mem. Supp. Mot. Summ. J. Attach. 3 (App. 997-1004), ECF Nos. 26-6 & 26-7.)

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Hodge's Report and Recommendation and incorporates it herein. Based on the foregoing, the court grants Respondent's motion for summary judgment and dismisses Bowen's habeas petition with prejudice.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 27, is granted and Bowen's habeas petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
January 7, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.